Edwin J. EIVINS, Plaintiff,

v.

ADVENTIST HEALTH SYSTEM/EASTERN & MIDDLE AMERICA, INC. a/k/a Adventist Health Systems, Defendant.

Civ. A. No. 84–2049–S.

United States District Court, D. Kansas.

April 29, 1987.

Shamberg, Johnson, Bergman & Gold-man, John E. Shamberg, David R. Morris, Lynn R. Johnson, Ruth M. Benien, Shawnee Mission, Kan., for plaintiff.

John J. Fallon, Fallon, Holbrook & Ellis, Kansas City, Mo., Reid F. Holbrook, Fallon, Holbrook & Ellis, Kansas City, Kan., Byron J. Beck, Marc E. Elkins/Pamela G. Kohler Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., David T. Holt, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a battery of post-trial motions. On January 16, 1987, a jury awarded the plaintiff $209,-153.00 on his age discrimination claim against the defendant. Defendant now brings alternative motions for (1) judgment notwithstanding the verdict, (2) new trial, or (3) amendment of the judgment in the form of a reduction of the jury award. Defendant also requests that plaintiff be reinstated to his old position in lieu of an award of front pay. Plaintiff has filed motions for (1) attorney's fees, (2) costs of the action, (3) clarification of or amendment

of the final judgment to include prejudgment interest and a finding approving a front pay award in lieu of reinstatement.

## I. MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT

 In reviewing a motion for judgment notwithstanding the verdict, the district court may grant the motion only if the facts and inferences in the case point so strongly and overwhelmingly in favor of one party that the court should find that reasonable men could not arrive at a contrary verdict. *Downie v. Abex Corp.*, 741 F.2d 1235, 1238 (10th Cir.1984). That is, the question is not whether there exists no evidence supporting the party against whom the motion is directed, but whether there is any evidence upon which the jury could properly find a verdict for that party. *K–B Trucking Co. v. Riss International Corp.*, 763 F.2d 1148, 1163 (10th Cir.1985). Furthermore, in considering the motion, the trial judge must consider all the evidence and the reasonable inferences therefrom in the light most favorable to the party against whom the motion is directed. *Downie*, 741 F.2d at 1238.

 In a preliminary matter, plaintiff requests that defendant's motion for judgment notwithstanding the verdict be stricken for failure to follow certain procedural rules. Defendant filed a timely motion under Federal Rule of Civil Procedure 59, but failed to contemporaneously file its memorandum in support of the motion, as required by Local Rule 15. Instead, defendant filed its memorandum more than one month after entry of judgment. Plaintiff has alleged no prejudice beyond the unfairness of allowing a party to file a quick motion and then take one month to prepare legal arguments in support of the motion. Therefore, the court will not strike the memorandum in support of the motion, but the court will not consider arguments or legal authority except as they specifically pertain to the matters addressed in the timely-filed motion.

The facts of this case are summarized in a previous Memorandum and Order, *see Eivins v. Adventist Health System/East-*

*ern & Middle America, Inc.*, 651 F.Supp. 340 (D.Kan.1987), and need not be repeated here. Briefly stated, in April, 1983, defendant was suffering a loss of business and informed plaintiff that he was being terminated. He was 54 years old at that time, and was the only member of his particular work group who was not reassigned to another job. Despite this formal termination, defendant kept plaintiff employed until August 11, 1983, one week after defendant received notice that plaintiff filed a charge of age discrimination with the office of civil rights.

In its motion for judgment notwithstanding the verdict, defendant first alleges that the evidence at trial established as a matter of law that plaintiff failed to meet his burden of proof on an essential element of his claim, *i.e.*, that he was qualified to perform the duties of the other positions to which he could have been reassigned. Defendant's argument is based on jury instruction # 8, which listed the elements of an age discrimination claim in a case involving reductions in force, as follows: (1) Plaintiff was within the protected age group; (2) Plaintiff was discharged from his position; (3) Plaintiff was satisfactorily performing the duties of his position and was qualified to perform the duties of the other positions to which he could have been reassigned; and (4) Age was a determining factor in defendant's decision not to reassign plaintiff to another position and to discharge him from employment. The third element, which defendant claims as a matter of law has not been established, substantially restates the proposed jury instruction offered by plaintiff and is derived from the Eighth Circuit's statement of the elements of an age discrimination claim in *Tribble v. Westinghouse Electric Corp.*, 669 F.2d 1193, 1196 (8th Cir.1982), *cert. denied*, 460 U.S. 1080, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983). *See also Williams v. General Motors Corp.*, 656 F.2d 120, 129 (5th Cir.1981), *cert. denied*, 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982). The defendant does not object to the correctness of the substantive law contained in element (3) of instruction # 8.

In support of its argument, defendant relies on plaintiff's testimony concerning his lack of expertise in computer programming and the amount of training it would take to qualify him as a programmer on the type of computer then in use at defendant's headquarters. Defendant also relies on testimony to the effect that the other employees in plaintiff's work unit had the proper qualifications to assume then-available open positions with defendant, and that plaintiff was not qualified for any available positions. The plaintiff argues that there was sufficient evidence for a jury to find that plaintiff was as qualified or more qualified for a position in data processing or computer programming than those employees in his work unit who eventually were reassigned.

Even if defendant's view of the facts is accepted, the court disagrees with defendant on the consequences of its factual allegation that plaintiff failed to prove the qualification element. Plaintiff established a prima facie case of employment discrimination when he produced sufficient evidence for a jury to find that he was in the protected age group, that he was discharged, and that his age was a determining factor prompting the defendant to take that action. *Cf.* E. Devitt, C. Blackmar & M. Wolff, Federal Jury Practice and Instructions § 92.25 (Supp.1986). As in the usual discrimination case, only when the defendant articulated a legitimate, nondiscriminatory reason (*i.e.*, that plaintiff was discharged because of his lack of qualifications) did the burden arise on plaintiff to establish the requirements of element (3) of his claim (which in essence requires proof that defendant's reason was invalid). In fact, however, this court may have placed *too much of a burden* on plaintiff by making him prove his qualifications as an initial element of his cause of action, because his prima facie case does not require proof of qualifications.

■ In adding element (3) the court gave too much weight to the requirement that plaintiff prove his qualifications. *See Smith v. Consolidated Mutual Water Co.,* 787 F.2d 1441, 1442–43 (10th Cir.1986). If the plaintiff has produced enough evidence for a jury to find that age was the determinative factor in the employment decision, the plaintiff is not also required to separately and independently prove that the defendant's reasons for the action were invalid. *E.E.O.C. v. Prudential Federal Savings & Loan Ass'n,* 763 F.2d 1166, 1170 (10th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985). This is important in the present case for the following reason. Assuming, without so holding, that the evidence conclusively established that plaintiff was *not* technically qualified for other available positions, a strict reading of the elements of plaintiff's cause of action, as listed in instruction # 8, would have required a jury verdict in defendant's favor. This would be directly contrary to the *Prudential Federal* decision. The court believes that the evidence in this case demonstrated a general willingness of defendant to work with employees to help them receive more training and achieve greater qualifications. If the defendant in fact would have retained plaintiff and trained him for the new positions but for the factor of age, then despite plaintiff's failure to prove that he was qualified for the new positions, the age discrimination act has been violated. Even though the jury finds that the defendant's explanations were not pretext, and are in fact true, if they also find that age was a determinative factor in the defendant's decisionmaking, they can be allowed to hold in the plaintiff's favor. *See Prudential Federal,* 763 F.2d at 1170 (Tenth Circuit's approval of district court's analysis.)

■ Without rehashing the lengthy factual assertions in the parties' briefs, the court finds that plaintiff produced sufficient evidence to allow a reasonable jury to find that plaintiff was *actually* qualified for other available jobs with the defendant. Even absent proof of qualifications, however, the court finds that the evidence was sufficient for the jury to determine that the defendant would have trained plaintiff for other positions had the plaintiff not been within the protected age group. Plaintiff's evidence showed that he had frequently tackled new and more demanding jobs in

the past and that he was *at least as qualified to be trained* for new positions as those who were actually reassigned. Coupled with the evidence of defendant's general willingness to retrain employees, the jury was given more than enough proof of age discrimination. Therefore, the court finds that defendant's first argument is without merit.

Defendant's next allegation is that plaintiff's evidence was insufficient as a matter of law to establish that plaintiff was qualified to perform the duties of the other positions to which he could have been assigned. The court has already addressed this allegation above and finds that plaintiff produced sufficient evidence of qualifications.

■ Defendant's third objection is that the evidence was insufficient as a matter of law to establish that a person under the age of 40 was reassigned to a position that plaintiff was qualified to perform. Defendant fails to explain the significance of its allegation. Proof that a younger person was given the job is not part of plaintiff's cause of action in an age discrimination case, at least under the facts of this case. *See Maxfield v. Sinclair International,* 766 F.2d 788, 792 (3d Cir.1985) ("No case holds that an ADEA plaintiff can recover only if she/he was replaced by someone younger than 40...."), *cert. denied,* —— U.S. ——, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986). Such proof does go to the issue of whether age was a determining factor, a matter on which plaintiff has produced abundant evidence. His evidence showed that the other employees in plaintiff's work unit who were reassigned were younger than plaintiff. In any event, this allegation is insufficient as a basis for overturning the jury award.

■ Defendant's fourth objection is that the evidence established as a matter of law that age was not one of the determining factors affecting defendant's decisions not to reassign plaintiff to another position and to discharge him. The court again must disagree. Plaintiff's evidence was sufficient to show that plaintiff's true qualifications were not the determining factor and

that the defendant paid little attention to them. The conduct of defendant was sufficient for a jury to decide that plaintiff's age was *the* determining factor.

■ Defendant's fifth objection is that the evidence was insufficient to sustain plaintiff's retaliatory discharge claim. The evidence showed that defendant received notice of plaintiff's having filed an age discrimination claim on August 4, 1983, and that defendant ultimately and finally discharged plaintiff on August 11, 1983. There was also evidence that the management of defendant was demonstrably displeased with plaintiff's charge, and that this resulted in his final discharge. In sum, the court finds that the evidence adequately supported a verdict for retaliatory discharge.

The court finds no merit in defendant's motion for judgment notwithstanding the verdict, and will therefore deny it.

## II. MOTION FOR NEW TRIAL

■ Generally, motions for new trial are committed to the discretion of the district court. *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Brownlow v. Aman,* 740 F.2d 1476, 1491 (10th Cir.1984). In reviewing a motion for new trial, the court should "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equipment,* 464 U.S. at 553, 104 S.Ct. at 848. "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.,* 710 F.2d 1442, 1443 (10th Cir.1983). The alleged trial court errors must be prejudicial and clearly erroneous, rather than harmless. Also, no error in the admission or exclusion of evidence, and no error in any ruling or order of the trial court or anything done or omitted by the court, can be grounds for granting a new trial unless the error or defect affects the substantial rights of the parties. *Rasmus-*

*sen Drilling, Inc. v. Kerr-McGee Nuclear Corp.*, 571 F.2d 1144, 1148–49 (10th Cir.), *cert. denied*, 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978); Fed.R.Civ.P. 61.

■ As a ground for new trial, defendant asserts that the verdict is excessive as a matter of law because it included as one of its elements an award of front pay, which defendant claims is an equitable remedy to be decided by the court and not a legal remedy for the jury to determine. Defendant raises numerous errors based on the court's submission of the issue of front pay damages to the jury. The cases cited by plaintiff adequately refute defendant's argument, and establish that although the court determines *whether* to award front pay, the jury properly decides upon the amount of front pay in the event that the court ultimately finds such damages recoverable. *See Maxfield v. Sinclair International*, 766 F.2d 788, 796 (3d Cir.1985) ("Of course the amount of damages available as front pay is a jury question."), *cert. denied*, —— U.S. ——, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986); *Davis v. Combustion Engineering, Inc.*, 742 F.2d 916, 922 & n. 5 (6th Cir.1984). Furthermore, the presence of this issue in the case did not prejudice the jury and in no way interfered with their ability to return a fair and impartial verdict.

■ Defendant next contends that the jury verdict was excessive because it included an element for the present value of future pension benefits lost by plaintiff as a result of his termination. Defendant argues that the proper measure of damages for pension benefits is the contribution that defendant would have made to the pension plan on plaintiff's behalf had he remained employed. Defendant offers no legal support for its position. Plaintiff cites law confirming the validity of the measure of pension benefits damages as used in this case, and the court has no reason to doubt the soundness of these decisions. *See, e.g., Kelly v. American Standard, Inc.*, 640 F.2d 974, 985–86 (9th Cir.1981). The court therefore finds that the jury was given the proper standard for determining an award of future damages for loss of benefits.

The court also finds that expert testimony was appropriate on this matter, and defendant's challenge to the use of an expert is denied.

■ Expert testimony was also appropriate on the matter of future lost wages and benefits generally, and although defendant objects to some of the figures used by the expert, that was a matter for the defendant to expose to the jury through cross-examination, impeachment, or use of its own expert. Defendant's objection to the expert's figures cannot be the basis for overturning the jury verdict and awarding a new trial. Defendant makes other arguments relating to the qualification of and information supporting plaintiff's expert witness, but again, this goes to the weight that the jury should give the testimony and is not a basis for reversible error. As long as a witness establishes his or her qualifications under the standards in the Federal Rules of Evidence and testifies using relevant and admissible evidence, which the experts did in this case, defendant has no basis for a new trial.

■ Defendant also objects to the admission of evidence concerning plaintiff's mental anguish. As the plaintiff points out, this evidence was admissible in plaintiff's claim for handicap discrimination. This claim was dismissed at the close of plaintiff's evidence, *see Eivins*, 651 F.Supp. at 343, and an element of damages for mental anguish was not submitted to the jury. The court finds that the presence of such evidence in the case did not so prejudice the defendant as to warrant a new trial, nor does it appear to the court that the evidence was introduced to inflame the jury.

■ Defendant further claims that the court committed error in permitting plaintiff to submit irrelevant evidence concerning deception by the defendant in connection with its attempt to obtain disability benefits for the plaintiff. The court finds that this evidence reflected on the credibility of defendant's employees and was probative of whether age was a determining factor in the decision to discharge plaintiff.

The jury should be allowed to view the case and the characters' credibility in the context of all relevant events.

 Defendant also asserts that it was entitled to a twelve-person jury, but it is clear to this court that a litigant has no right to a twelve-person jury in a civil case, and in any event, the defendant lost this objection by its failure to raise it in a timely fashion. The court also disagrees with defendant that plaintiff's closing argument was unfairly prejudicial. It was within the province of the jury to agree or disagree with the plaintiff's restatement of the testimony or the inferences arising therefrom.

In conclusion, the court finds no basis for granting defendant's motion for judgment notwithstanding the verdict or alternative motion for new trial.

## III. FRONT PAY VERSUS REINSTATEMENT

As an alternative to its motion for new trial or judgment notwithstanding the verdict, defendant moves to have the jury award amended by reducing damages by $198,786.00 to $110,367.00 and by amending the order of judgment to provide reinstatement instead of front pay. Plaintiff has moved for a court finding that front pay is the appropriate remedy, as opposed to reinstatement.

The issue of front pay versus reinstatement is a topic of hot debate in this circuit. Although the Tenth Circuit has held that future lost wages and benefits is an equitable alternative to reinstatement, *see E.E.O.C. v. Prudential Federal Savings and Loan Ass'n*, 763 F.2d 1166, 1172 (10th Cir.), *cert. denied,* ── U.S. ──, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985), at least two judges in the circuit deny that front pay is even a permissible remedy under the Age Discrimination in Employment Act (ADEA). *See Prudential Federal*, 763 F.2d at 1175 (Barrett, J., dissenting in part). *See also Smith v. Consolidated Mutual Water Co.*, 787 F.2d 1441, 1443–46 (10th Cir.1986) (Barrett, J., dissenting); *Blim v. Western Electric Co.*, 731 F.2d 1473, 1481 (10th Cir.) (Seth, C.J., dissenting), *cert. denied,* 469 U.S. 874, 105 S.Ct. 233, 83 L.Ed.2d 161 (1984). A Tenth Circuit majority in the *Prudential Federal* case has spoken conclusively on the topic, and this court need not engage in an academic discussion of the issue of Congressional intent or statutory interpretation. What is not so clear, however, are the circumstances under which front pay may be awarded.

Even in those courts that permit front pay, "reinstatement is the preferred remedy under the ADEA and should be ordered whenever it is appropriate." *Prudential Federal*, 763 F.2d at 1172. In the *Prudential Federal* case, the Tenth Circuit said that in a situation in which an employer "has exhibited such extreme hostility that, as a practical matter, a productive and amicable working relationship would be impossible," *id.*, an award of future damages instead of reinstatement furthers the remedial purposes of the ADEA. The court of appeals enumerated no other situation when front pay would be appropriate, nor did it give any indication that the hostile work environment is the sole justifiable ground for such an award. The only certain thing is that the district court must articulate the evidence and rationale underlying a decision to award front pay. *Id.* at 1173.

If workplace "hostility," as this court understands that term, was the *sole* factor upon which an award of front pay could be made, the court would be remiss in approving the jury verdict of future lost wages and benefits in lieu of reinstatement, because it is *possible* that these parties theoretically could return to some form of a tolerable working relationship. While the plaintiff certainly has produced evidence indicating that his re-employment with defendant would place both himself and the company in an awkward and uncomfortable position, and although plaintiff has offered several reasons to indicate the presence of hostility between the two parties, the court believes that the additional reasons for granting an award of front pay in this case are both necessary and appropriate to sup-

port the judgment of future lost wages and benefits.

Although the Tenth Circuit has expressly listed only one ground for awarding front pay, this court believes that hostility is not the only available reason, and neither the Tenth Circuit opinion nor the opinions of other courts allowing front pay seem to place such a constrictive reading on the statute. The Tenth Circuit stated in *Prudential Federal:*

> The power to grant equitable relief provided in the ADEA clearly stands in addition to the monetary relief available under the FLSA sections and is expressly stated to be without limitation. When we read this section as a whole and construe it liberally, as we must ..., we conclude that the legal and equitable remedies available under the ADEA are not limited either to those specifically listed or to those available under the FLSA, so long as the relief is "appropriate to effectuate the purposes of [the Act]." 29 U.S.C. § 626(b).

763 F.2d at 1172. In fact, the court of appeals appeared to place great emphasis on the *broad* equitable remedies available under the ADEA, yet listed only workplace hostility in support of the front pay award because the evidence in *Prudential Federal* was strong in support of a finding of hostility, and all the cases relied upon by the court discussed hostility as a ground. While it is true that future damages have been severely criticized in age discrimination cases, and the courts must be careful to avoid a "totality of the circumstances" type of analysis that could lead to elevating front pay to an equal or greater status than reinstatement, this court finds that workplace hostility is not the only permissible factor that a court can look to in determining whether front pay in lieu of reinstatement might be the best remedy under the ADEA. *See McNeil v. Economics Laboratory, Inc.,* 800 F.2d 111, 118 (7th Cir. 1986) ("In determining whether to award front pay, the court should consider all of the circumstances of the case."); *Wildman v. Lerner Stores,* 771 F.2d 605, 616 (1st Cir.1985); *Davis v. Combustion Engineer-*

*ing, Inc.,* 742 F.2d 916, 923 (6th Cir.1984). The court believes that the overriding principle in this issue is effectuation of the purposes of the ADEA, mainly the assurance that the aggrieved party is made whole, (*i.e.,* returned as nearly as possible to the economic situation he would have enjoyed but for the defendant's unlawful conduct). *See Prudential Federal,* 763 F.2d at 1173. In the present case, this will require implementation of the jury verdict for lost future wages and benefits in lieu of restatement.

First, the court believes that in this case "a productive and amicable working relationship would be impossible," *id.,* for the following reasons. Plaintiff testified concerning several instances in which he was intimidated or threatened by defendant's management, particularly upon his filing a charge of discrimination. Although defendant attempts to paint a rosy picture of the warm relationship between its employees and plaintiff and the open arms with which it awaits plaintiff's return, common sense and the weight of the evidence indicate otherwise. The trial produced a wealth of evidence indicating defendant's low opinion of plaintiff, and the court does not believe that plaintiff and defendant can return to a tolerable working relationship within any definition of the term. Second, plaintiff testified, and the evidence indicated, that his self worth was crushed by his dismissal. It appears to this court that after a person has gone through an experience such as that suffered by plaintiff in this case, it would be extremely difficult, if not completely unreasonable, to expect diligent work and loyalty to the defendant. Last, plaintiff has indicated the existence of pending litigation between these parties in Johnson County, Kansas District Court, involving allegations of fraud, misrepresentation, defamation, and other tort theories. While pending litigation alone is an insufficient ground to avoid reinstatement, it should be viewed as a factor if the context of the case so dictates.

The court also finds that front pay is the only remedy that will return plaintiff to the economic situation he would

have enjoyed absent age discrimination by defendant. The plaintiff is 57 years old and nearing the usual age of retirement. Because the time period for which front pay is being awarded is relatively short, reinstatement may be inappropriate. *McNeil,* 800 F.2d at 118. Moreover, the plaintiff has altered his present situation (*i.e.,* he and his wife live in another state and are heavily involved in running a retirement home) so completely that reinstatement will be a huge burden and will not return him as nearly as possible to his previous economic situation as will an award of front pay. Based on these grounds, the court finds that the jury verdict of $180,000.00 for future lost wages and benefits was reasonable and that this award of front pay is necessary to make the plaintiff whole.

## IV. ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST

The next matter to be addressed is plaintiff's motion for allowance of costs pursuant to section 7(b) of the ADEA, 29 U.S.C. § 626(b); 28 U.S.C. § 1920; and Fed.R. Civ.P. 54. The plaintiff has provided an exhaustive enumeration of costs, but defendant objects only to the following:

| | | |
|---|---|---|
| (1) | Videotape deposition of Doctor Striebinger | $ 508.00 |
| (2) | Preparation of a chart for use as a trial exhibit | $ 90.20 |
| (3) | Photocopying expenses of original personnel files, time records, payroll records, etc. obtained for trial preparation | $ 261.20 |
| (4) | Westlaw legal database research | $ 544.50 |
| (5) | Expert witness fee of Joseph Singer | $ 647.75 |
| | | $2051.65 |

The total amount of uncontested costs is $3395.80. The plaintiff has conceded (1) that award of the contested costs listed above is discretionary, and (2) that the defendant accurately cites cases in which the courts have disallowed all or a portion of the costs outlined above, although the plaintiff asserts that these costs are warranted in the present case. Pursuant to the opinion in *Miller v. City of Mission, Kansas,* 516 F.Supp. 1333 (D.Kan.1981),

the court finds that the disputed expenses sought by plaintiff should not be awarded in this case, except for the statutory allowance of $30.00 per diem for the videotaped deposition of Dr. Striebinger. Because the court has been given no reason to believe that this deposition involved more than one day, an award of costs of $30.00 will be made. 28 U.S.C. § 1921. The total award of costs exclusive of attorney's fees will thus be $3425.80.

The next matter before the court is plaintiff's request for attorney's fees in the lodestar amount of $63,784.25 plus an enhancement of 75%, for a total request of $111,622.42. Both parties agree that in an age discrimination case, a prevailing plaintiff can recover attorney's fees through the ADEA's incorporation of the Fair Labor Standards Act. *See* 29 U.S.C. § 626(b) (incorporating 29 U.S.C. § 216(b)). The defendant is certainly not in agreement, however, as to the amount of attorney's fees claimed by plaintiff.

Chief Judge O'Connor of the District of Kansas has recently elaborated on the standards to be used in determining attorney's fees:

Initially, the court must estimate the amount of attorney's fees by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 888 [104 S.Ct. 1541, 1543, 79 L.Ed.2d 891] (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 433 [103 S.Ct. 1933, 1939, 76 L.Ed.2d 40] (1983). This figure is commonly known as the "lodestar figure."

The prevailing attorneys are required to justify the reasonableness of the requested rate or rates. That is, they must produce satisfactory evidence—in addition to the attorneys' own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. *Blum,* 465 U.S. at 895–96 n. 11, 104 S.Ct. at 1547, n. 11.

*Ortega v. City of Kansas City, Kansas,* 659 F.Supp. 1201, 1215–16 (D.Kan.1987). In some cases of exceptional success, an

enhanced award of attorney's fees may be justified. *Blum*, 465 U.S. at 897, 104 S.Ct. at 1548 (quoting *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940). The burden of proving that such an adjustment is necessary to the determination of a reasonable fee (*i.e.*, that the hourly rates fail to provide a reasonable fee for the quality of representation provided) is on the fee applicant. *Blum*, 465 U.S. at 898, 900, 104 S.Ct. at 1548, 1549. Arriving at a reasonable attorney's fee in this case therefore requires separate consideration of the reasonableness of the hours spent and the requested hourly rate *and* the necessity of upwardly adjusting that "lodestar" figure based on several factors surrounding the outcome of the case.

Pursuant to the *Hensley* and *Blum* decisions, the district court may exclude hours that were not reasonably expended and may adjust the hourly rates to bring them in line with the community standards. The defendant does not object to the reasonableness of the hourly rates claimed by plaintiff's attorneys, and the court finds that these rates are in line with those prevailing in the community. Defendant does argue that it cannot reasonably comment on plaintiff's submission of hours spent in this case because of plaintiff's failure to provide defendant with the documentation supporting the time claimed. Plaintiff's counsel failed to provide defendant with the necessary documentation, and instead submitted the hourly itemization in camera to the court for the stated reason that "any such itemization, no matter how prepared or described, provides insight into the mental thought processes of Plaintiff's counsel, the issues Plaintiff's counsel viewed as important and the timing and use of various trial strategies." Plaintiff's Reply at 2.

The parties have provided no support for either of their positions, and the court has been unable to locate any cases discussing this matter. The court finds, however, that it would be patently unfair to charge defendant with over $100,000 in attorney's fees without giving it a chance to present an informed objection to the hours claimed. The court sympathizes with plaintiff's apprehension, but as the saying goes, if you want to hear the music, you've got to pay the piper. Therefore, the court will direct the plaintiff to provide defendant with records "reveal[ing], for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allocated to specific tasks—for example, how many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir.1983) (footnote omitted). Even though the court agrees with plaintiff that a reviewing judge is capable of determining what evidence was relevant to proving plaintiff's claims, the court will be better equipped to confirm the reasonableness of plaintiff's claimed hours if this matter is presented with the protection of adversarial scrutiny.

Because the court has postponed determination of the reasonableness of plaintiff's claimed hours and the lodestar figure, a ruling on plaintiff's request for enhancement of the award of attorney's fees would be premature.

■ The final matter for consideration is plaintiff's request for prejudgment interest. Defendant has not responded to plaintiff's request. Prejudgment interest is recoverable under the ADEA. *Blim v. Western Electric Co.*, 731 F.2d 1473, 1479 (10th Cir.), *cert. denied*, 469 U.S. 874, 105 S.Ct. 233, 83 L.Ed.2d 161 (1984). *See also Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094, 1101 (11th Cir.1987). The court finds that prejudgment interest is appropriate in this case.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for judgment notwithstanding the verdict or, in the alternative, for new trial be denied. IT IS FURTHER ORDERED that defendant's motion for amendment of the judgment in the form of a reduction of the jury award be denied. IT IS FURTHER ORDERED that plaintiff's motion for an award of front pay in lieu of reinstatement be granted. IT IS FURTHER ORDERED that plaintiff be awarded costs in the amount of Three Thousand Four Hundred Twenty-

Five and 80/100 Dollars ($3,425.80). IT IS FURTHER ORDERED that plaintiff be awarded prejudgment interest at the rate of 7.75% per annum as provided by law on the back pay and fringe benefit award of $128,353.00 for the time period from August 11, 1983 to January 20, 1987. IT IS FURTHER ORDERED that plaintiff make available an itemization of hours spent representing plaintiff for defendant's review within ten days of the date of this order, after which the court will hear defendant's objections, if any, to plaintiff's itemization. Defendant shall have ten days from the date of its receipt of the itemization in which to file its response with the court.