Craig A. ANDERSON, Plaintiff,

v.

PHILLIPS PETROLEUM
COMPANY, Defendant.

Civ. A. No. 84–2168–S.

United States District Court,
D. Kansas.

Sept. 26, 1989.

John H. Fields, Carson & Fields, Kansas City, Kan., for plaintiff.

David J. Waxse, Barbara A. Harmon, Shook, Hardy & Bacon, Overland Park, Kan., and James H. Ottman, Shook, Hardy & Bacon, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motions of defendant Phillips Petroleum Company ("Phillips") for relief from judgment and to dismiss for lack of subject matter jurisdiction and the parties' briefs concerning the issues on remand. On May 14, 1982, plaintiff, acting in his capacity as union president, filed a charge of age discrimination on behalf of Phillips's union members who were over the age of 40. Phillips closed its Kansas City, Kansas facility on August 31, 1982, and plaintiff was laid off, subject to being transferred. Plaintiff was born on November 27, 1950. Consequently, plaintiff was 32 years of age when he filed the age discrimination charge and when he was terminated.

The case was tried to a jury during the week of September 2, 1986. The jury found that Phillips had retaliated against plaintiff for filing the age discrimination charges, and the jury awarded him damages of $200,000 for lost back and front pay and benefits. The jury found that Phillips retaliated against plaintiff by refusing to transfer him to another job, thus terminating his employment with Phillips. This termination, which was found to be a result of plaintiff's filing the age discrimi-

nation charge, violates section 4(d) of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 623(d). Judgment was entered against defendant on September 5, 1986.

Phillips appealed a number of issues to the United States Court of Appeals for the Tenth Circuit. Plaintiff cross-appealed. On November 15, 1988, the Tenth Circuit affirmed the retaliation verdict, but reversed certain matters regarding damages. The Tenth Circuit remanded the action to this court for a determination of certain damage issues.

## I. DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT AND TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant contends this action must be dismissed and the judgment entered against it vacated because the material prohibitions of the ADEA apply only to individuals forty years of age or older. Plaintiff was less than forty years of age at all times relevant to this lawsuit. Thus, the defendant argues that the ADEA is totally inapplicable to this case and that this court lacks jurisdiction to enter judgment against defendant.

Section 12(a) of the ADEA states that "the prohibitions of this chapter (except the provisions of section 623(g) for this title) shall be limited to individuals who are at least 40 years of age." 29 U.S.C. § 631(a). In this action, plaintiff has asserted his claim under section 4(d) of the ADEA, which prohibits employers from retaliating against individuals for filing age discrimination charges or assisting in age discrimination investigations. 29 U.S.C. § 623(d). Defendant argues that to raise a claim under section 4(d), a plaintiff must be at least 40 years of age to meet the requirement of section 12(a). Defendant further argues that the requirement of 12(a) is a jurisdictional prerequisite, and since plaintiff fails this requirement, the court lacks subject matter jurisdiction. Thus, defendant contends the judgment rendered by this court is void and should be vacated under Rule 60(b)(4).

In response, plaintiff first argues that defendant's contention that the court lacks subject matter jurisdiction is actually a claim that plaintiff lacks the capacity to assert a claim under the ADEA. Plaintiff argues that this court had proper subject matter jurisdiction under 28 U.S.C. § 1331 since plaintiff's claim was based on federal law. Plaintiff contends that defendant's argument that plaintiff was not 40 years of age or over goes to his capacity or standing to assert a claim under the ADEA. Therefore, the plaintiff argues that defendant has waived its defense of lack of capacity pursuant to Rule 9(a) of the Federal Rules of Civil Procedure.

A. *Has defendant waived the defense it now raises that plaintiff is not within the protected age group to assert a claim under the ADEA?*

■ Assuming defendant's contention that plaintiff must show he is at least 40 years old to assert a retaliation claim under the ADEA, the court finds that the alleged age requirement would not be a requirement for subject matter jurisdiction, but simply a necessary element of a claim under the ADEA. Rule 12(h)(2) of the Federal Rules of Civil Procedure provides that a 12(b)(6) defense of failure to state a claim is waived if not raised at trial. "The three enumerated defenses [in Rule 12(h)(2) ] are waived if they are not presented before the close of trial, and thus they may not be asserted for the first time on appeal." 5 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1392, at 579 (Supp.1989). *See also Smith v. Atlas Off-Shore Boat Serv., Inc.*, 653 F.2d 1057, 1059 n. 1 (5th Cir.1981). Here, defendant's assertion that plaintiff is not the requisite age to recover under the ADEA is a 12(b)(6) defense (a defense that plaintiff has failed to assert a claim). Defendant, however, raises this defense for the first time after an appeal has been made from the jury's verdict after the trial on this case, and the appellate court has remanded the case to this court for a determination of certain damage issues. The court finds

that defendant has waived this defense since it failed to raise this defense at trial.

### B. *Must plaintiff be 40 years of age to assert a claim of retaliation under the ADEA?*

Even if the defense that plaintiff is not the requisite age to assert a retaliation claim under the ADEA had been timely raised, the defense would still fail. Defendant contends that section 12(a) of the ADEA, 29 U.S.C. § 631(a), prohibits plaintiff from asserting a claim of retaliation under section 4(d), 29 U.S.C. § 623(d), unless plaintiff is within the protected class, that is, at least 40 years of age.

The ADEA is a broad remedial statute and should be construed liberally in order to further its purposes. *See Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1260 (10th Cir.1976), *aff'd*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977). The purpose of the ADEA is to promote employment of older persons based on ability rather than age, and to prohibit arbitrary age discrimination. 29 U.S.C. § 621(b). The parties agree that there is no case law deciding the issue of whether a plaintiff must be within the protected age group to bring a retaliation claim under section 4(d) of the ADEA. The court has done an independent search and, like the parties, has discovered no published opinion deciding this issue. The law of this circuit, and in fact the law of this case, states that in order to make a prima facie case of retaliation under the ADEA, the plaintiff must show: "(1) protected opposition to discrimination or participation in a proceeding arising out of discrimination; (2) adverse action by the employer contemporaneously or subsequent to the employee's protected activity; and (3) a causal connection between such activity and the employer's action." *Anderson v. Phillips Petroleum Co.*, 861 F.2d 631, 634 (10th Cir.1988). There is no required element in a prima facie case of retaliation that plaintiff be at least 40 years of age. In contrast to a retaliation-based claim, an essential element of a prima facie case of a claim of age discrimination is that the plaintiff be "within the

protected age group." *See Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1547 (10th Cir.1988) (citing *Cockrell v. Boise Cascade Corp.*, 781 F.2d 173, 177 (10th Cir.1986). The court agrees with plaintiff that if the Tenth Circuit had interpreted the ADEA in the manner suggested by defendant, then the first element of a prima facie case of an ADEA retaliation claim would be that plaintiff be within the protected age group. The Tenth Circuit has refused to include such a requirement and this court refuses to do so.

Furthermore, the court finds that the purpose of the ADEA would not be advanced if protection from retaliation for participating in an age discrimination proceeding or for filing an age discrimination charge was limited to persons over 40. This court finds that any person, whether or not that person is 40 or older who participates in or files an age discrimination charge, is protected under the ADEA from retaliation. The purpose of the Act would be abrogated if protection was limited only to those at least 40 years of age.

Cases concerning retaliation under Title VII are analogous to retaliation claims brought under the ADEA. *See Anderson*, 861 F.2d at 634 (citing *Burrus v. United Tel. Co., Inc.*, 683 F.2d 339 (10th Cir.1982) (using a Title VII retaliation case for guidance in an ADEA retaliation case)). Courts have held that it is not necessary that a plaintiff be a member of a protected minority class in order to state a claim for retaliation under Title VII. *See, e.g., Eichman v. Indiana State University Bd. of Trustees*, 597 F.2d 1104, 1107 (7th Cir.1979) (stating that a male can assert a claim for retaliation based on his assistance of a female trying to exercise her Title VII rights); *cf. International Woodworkers of America, AFL–CIO v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1270 (4th Cir.1981) (white male could have asserted a claim if he had alleged that he had been retaliated against for his efforts in pursuing civil rights claims of others).

Moreover, a logical reading of the relevant statutes prevents the adoption of any age limitations on retaliation claims. The

language of section 4(d) of the ADEA states that it is unlawful for an employer "to discriminate against *any* individual" because the individual has opposed a practice made unlawful by the ADEA or has filed a charge, testified, assisted or participated in any investigation under the ADEA. 29 U.S.C. § 623(d) (emphasis added). The court finds that the age limitation set out in section 12(a) (29 U.S.C. § 631(a)) does not apply to a retaliation claim under section 4(d). Section 12(a) limits the "prohibitions" of age discrimination set out in section 4 to individuals at least 40 years of age. The court finds that section 4(d) was enacted to aid the enforcement of those prohibitions on age discrimination. The court does not believe that congress intended for section 12(a) to abrogate the clear protection provided in section 4(d) for "any individual" who has made a charge, testified or assisted or participated in the investigation or proceeding.

Additional support for the court's reading of the statutes is found in the interpretation given section 4(d) by the Equal Employment Opportunity Commission (EEOC). The EEOC, the government agency charged with enforcing the ADEA, interprets the retaliation provision to protect all individuals, not just those 40 years of age or older. Section 614.1(d) of the EEOC compliance manual states that it is not necessary for the charging party to allege that he was treated differently because of his age to make an allegation based on section 4(d) of the ADEA. The only prerequisites for establishing such a claim is that the charging party protested employment practices believed to be unlawful under the ADEA or participated in an ADEA investigation, and to allege that the defendant took adverse employment action related to his protest or participation. The EEOC's interpretation is entitled to great deference based on its extensive experience with the discrimination statutes. *See Albemarle Paper Co. v. Moody,* 422 U.S. 405, 431, 95 S.Ct. 2362, 2378, 45 L.Ed.2d 280 (1975).

■ Finally, the court finds that unlike other ADEA claims, age related animus is not a required element for a claim of retaliation. *See Anderson,* 861 F.2d at 634. Since an age related animus is not a required element, it would be ridiculous to require plaintiff to show that he is in the protected age class to state a claim of retaliation. For all of the foregoing reasons, the court concludes that the plaintiff need not be at least 40 years of age to assert a claim of retaliation under section 4(d) of the ADEA. Therefore, defendant's motion for relief from judgment and for dismissal for lack of subject matter jurisdiction will be denied.

## II. ISSUES ON REMAND

On November 15, 1988, the Tenth Circuit Court of Appeals issued its opinion in this case, and the mandate was issued to this court on February 9, 1989. The Tenth Circuit remanded the case to this court for the resolution of certain issues in light of the Tenth Circuit's opinion. *See Anderson v. Phillips Petroleum Co.,* 861 F.2d 631, 638 (10th Cir.1988). On remand, this court must first make a determination of whether plaintiff was reinstated when he was rehired in November of 1985. If plaintiff was reinstated at that time, the award of front pay must be reversed. If plaintiff was not reinstated when rehired, then this court must order reinstatement. Secondly, this court must recalculate the damage award to plaintiff. The court must reduce the amount of the award by the amount awarded for front pay. Plaintiff is entitled to recover back pay in the amount of lost wages for bid jobs from the time of the termination until the time of his reinstatement.

Plaintiff was laid off from his employment with defendant and not transferred to any other facility effective August 31, 1982. Plaintiff made bids on various jobs at defendant's other facilities, including an insulator's position in Borger, Texas, which paid $12.95 per hour (*see* Exhibit B to defendant's opposition to plaintiff's memorandum regarding back pay-liquidated damages, filed September 19, 1986 (document 93)). Plaintiff also bid on three utilityman positions in Hobbs, New Mexico, which paid $10.49 per hour. On November 4,

1985, plaintiff was rehired by defendant as a pipeliner at defendant's Wichita, Kansas pipeline terminal. Plaintiff received $7.00 per hour when he started as a pipeliner. Currently, plaintiff is receiving $14.23 per hour as a pipeliner. On October 7, 1988, plaintiff received a pay increase to $12.94 per hour (*see* Exhibit 1 to defendant's response to plaintiff's brief concerning issues on remand (document 150)).

Defendant contends that this court has already figured the amount of back pay due plaintiff from August 31, 1982 to the date of the jury's verdict, when the court awarded liquidated damages in the amount of $23,398.09 (*see Anderson v. Phillips Petroleum Co.*, No. 84–2168 (D.Kan., *unpublished*, Oct. 20, 1986). Defendant argues that the court need only calculate the award of post-trial damages until November 4, 1985, when, in defendant's view, plaintiff was reinstated. Alternatively, defendant argues that plaintiff was reinstated as of March 18, 1986, when he began earning more ($10.96 per hour) than he would have earned if defendant had transferred him to a utilityman position in New Mexico.

Plaintiff disagrees with defendant's contentions and argues that the $23,398.09 in liquidated damages is not equal to the amount of actual lost back pay for the period August 31, 1982 until the date of trial. Plaintiff argues that the court, in figuring liquidated damages, exercised its discretion and did not allow a full amount of back pay and benefits as liquidated damages to avoid a harsh remedy. Also, plaintiff argues that the issue of reinstatement should be based on a comparison to the Borger, Texas insulator position rather than the utilitymen positions in New Mexico since the Tenth Circuit found that sufficient evidence existed for the jury to find that plaintiff was denied the Borger, Texas position in retaliation for his involvement in an age discrimination proceeding.

■ Plaintiff is correct in stating that the court exercised its discretion and awarded liquidated damages (which the court inadvertently referred to as back pay throughout the October 20, 1986 Memoran-dum and Order) at an amount less than the actual amount of lost wages in order to avoid a harsh remedy. *See Anderson v. Phillips Petroleum Co.*, No. 84–2168, slip op. at 8 (D.Kan., *unpublished*, Oct. 20, 1986) (citing *Combes v. Griffin Television, Inc.*, 421 F.Supp. 841, 844 (W.D.Okla.1976)). Furthermore, the court finds that the recalculation of back pay should be based on the Borger, Texas insulator position on which plaintiff bid. The Tenth Circuit, in its opinion, stated that "[f]rom the evidence, a jury could infer that Phillips's refusal to transfer Mr. Anderson to the Borger job because he had not taken the test was pretextual." *Anderson*, 861 F.2d at 635. Thus, from the jury's verdict, it can be implied that the jury found that plaintiff was retaliated against in being denied the Borger, Texas position. Since the jury has necessarily decided this issue, the court cannot make findings that are inconsistent and contrary to the jury resolution of the issue as implicitly reflected in the verdict. *See Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094, 1098 (11th Cir.1987). Therefore, the court agrees with plaintiff that the computation of back pay should be based on the assumption that Mr. Anderson would have received the insulator's position at Borger, Texas, but for Phillips's retaliation.

■ Now the court must decide if and when plaintiff was reinstated. The court finds that plaintiff was reinstated for purposes of salary on October 7, 1988, when his salary after being rehired was increased to $12.94 per hour. (*See* Exhibit 1 to defendant's response to plaintiff's briefs concerning issues on remand.) The court finds that this salary is "substantially equivalent" to the salary at the Borger, Texas job that plaintiff bid on but did not receive ($12.95 per hour). *See Anderson*, 861 F.2d at 638. The court finds that plaintiff's salary was restored to the level it would have been had Phillips not retaliated against plaintiff in his bid for the Borger, Texas job on October 7, 1988. Therefore, the court orders that plaintiff is entitled to a back pay award from August 31, 1982 through October 7, 1988, based on a rate of

$12.95 per hour, reduced by the amount of gross earnings defendant has paid plaintiff since he was rehired in November of 1985.

■ Also, the court orders that all lost employment benefits during the period of August 31, 1982 through November, 1985 be restored to plaintiff. Specifically, defendant should restore any lost pension benefits during that period, and these pension benefits should vest as of 1982 when plaintiff had previously become fully vested. Defendant is also ordered to compensate plaintiff for lost stock that plaintiff would have received through the company's ESOP benefits during the period of August 31, 1982 through November 5, 1985. The compensation for the lost stock benefits should be calculated based on the current market value of the stock as of the date of this order. Also, plaintiff should be allowed to recover relocation expenses that he incurred in moving to the job to which he was rehired in November of 1985, for plaintiff would have obtained relocation expenses if he had been transferred to the positions he bid on in 1982. Defendant has expressed its willingness to restore these lost employment benefits or to make appropriate cash settlements to make plaintiff completely whole. *See* Defendant's Response to Plaintiff's Brief Concerning Issues on Remand, at p. 8.

Since defendant is willing to restore the lost employment benefits and plaintiff's salary on October 7, 1988 became substantially equivalent to that of the job he would have received but for the retaliation, the court finds that plaintiff was reinstated on October 7, 1988. Therefore, the court must reverse the jury's award of front pay.

■ The court will calculate the amount of recoverable back pay damages (the jury's award less front pay) as set forth in the attached appendix. Defendant is ordered to provide the court with an affidavit and any supporting documents that indicate the amount of gross salary defendant has paid plaintiff since plaintiff was rehired in November of 1985. Defendant should provide this information to the court within fifteen (15) days from the date of this order. When this information is provided to

the court, the court will then be able to make a final calculation of the amount of damages to be awarded in this case and a final entry of judgment can be entered in this case.

Finally, plaintiff has moved for the award of prejudgment interest since the Tenth Circuit has reversed the award of liquidated damages. Plaintiff had not previously sought prejudgment interest since an award of prejudgment interest is not available under the ADEA if plaintiff has received liquidated damages. *See Blimm v. Western Elec. Co.*, 731 F.2d 1473, 1479 (10th Cir.), *cert. denied*, 469 U.S. 874, 105 S.Ct. 233, 83 L.Ed.2d 161 (1984). Defendant has conceded that plaintiff is entitled to receive prejudgment interest. The court finds that prejudgment interest is recoverable in this case since liquidated damages will not be awarded. *See Eivins v. Adventist Health System*, 660 F.Supp. 1255, 1265 (D.Kan.1987).

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion for relief from judgment and to dismiss for lack of subject matter jurisdiction is denied. IT IS FURTHER ORDERED that with regard to the issues on remand: (1) that defendant restore or compensate plaintiff for all lost employment benefits from August 31, 1982 through November 5, 1985, as indicated in the memorandum above; (2) that the plaintiff, on October 7, 1988, was reinstated to a position substantially equivalent to the positions on which he bid; and (3) that plaintiff is entitled to recover an award for back pay, the amount of which is to be determined by a future order of this court, after defendant has submitted the requested information to the court regarding the amount of salary defendant has paid plaintiff since he has been rehired in November of 1985. Defendant is to provide this information to the court within fifteen (15) days of the date of this order. IT IS FURTHER ORDERED that plaintiff is entitled to receive prejudgment interest on the final award of back pay, the amount of which will be determined by future order of this court. IT IS FURTHER ORDERED that the court will make a final determination

on the amount of damages to which plaintiff is entitled (the jury's award less front pay) in a future order, after which an amended final judgment may be entered in this case.

## APPENDIX

### Formula for the Calculation of Back Pay

The following table is used to calculate the amount of salary plaintiff would have received if he had been transferred.

| DATE | RATE [1] | HOURS [2] | AMOUNT |
|---|---|---|---|
| Sept. 1, 1982—Dec. 31, 1982 | $12.95/hr. | 640 | $8,288.00 |
| Jan. 1, 1983—Dec. 31, 1983 | " | 1,920 | 24,864.00 |
| Jan. 1, 1984—Dec. 31, 1984 | " | " | " |
| Jan. 1, 1985—Dec. 31, 1985 | " | " | " |
| Jan. 1, 1986—Dec. 31, 1986 | " | " | " |
| Jan. 1, 1987—Dec. 31, 1987 | " | " | " |
| Jan. 1, 1988—Oct. 7, 1988 | " | 1,480 [3] | 19,166.00 |
| | | | $151,774.00 |

Award of Back Pay = $151,774.00−X

X = amount of gross salary that defendant Phillips paid plaintiff Anderson after he was rehired in November of 1985 until October 7, 1988. Defendant has been ordered to provide the court with this information in the accompanying memorandum and order.

[1] Rate of pay is based on the salary of the Borger, Texas insulator position on which plaintiff bid. The court finds that it is not reasonable to assume a 7% per annum increase in the rate of pay.

[2] The court finds that a reasonable number of hours to use in calculating back pay is 40 hours per week. The court makes its calculations based on 48 work weeks in a year. The 48 weeks/year figure was used by plaintiff in his calculations of damages. *See* Exhibit G of Plaintiff's Brief Concerning Issues on Remand (Doc. 140).

[3] The calculation of hours for 1988 is determined by taking the 1,920 hours for the year and subtracting the eleven weeks of time (440 hours) during which plaintiff worked after being reinstated on October 7, 1988.