**Craig A. ANDERSON, Plaintiff,**

v.

**PHILLIPS PETROLEUM COMPANY, Defendant.**

No. 84–2168–S.

United States District Court, D. Kansas.

April 12, 1990.

John H. Fields, Carson & Fields, Kansas City, Kan., for plaintiff.

David J. Waxse, Barbara A. Harmon, Shook, Hardy & Bacon, Overland Park, Kan., James H. Ottman, Shook, Hardy & Bacon, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion for reconsideration of this court's Memorandum and Order of September 26, 1989, which is reported at 722 F.Supp. 668 (D.Kan.1989), and plaintiff's motion to reconsider that same decision. Also before the court is defendant's responsive pleading to the court's order requiring salary information necessary for the final calculation of back pay to be awarded plaintiff.

On November 15, 1988, the Tenth Circuit Court of Appeals remanded this case to this court for calculation of damages to be awarded plaintiff. Pursuant to that appellate court decision, this court in the September 26, 1989, Memorandum and Order established a formula for calculating the amount of back pay plaintiff is entitled to recover. *See Anderson v. Phillips Petroleum*, 722 F.Supp. 668, 675 Appendix (D.Kan.1989). The formula for the calculation of back pay takes the total amount of salary plaintiff would have received if he had been transferred to the Borger, Texas, insulator position rather than terminated on August 31, 1982, and subtracts off the amount of gross salary that plaintiff received from defendant after he was rehired in November 1985 until October 7, 1988, on which date plaintiff was reinstated.

In its motion for reconsideration, defendant Phillips raises two matters. First, defendant contends that the court should deduct from plaintiff's award of back pay the amount of plaintiff's interim earnings for the period of time he was not employed by Phillips but employed by H.D. Lee Company. During his employment with H.D. Lee Company, plaintiff earned $42,093.40. Secondly, defendant contends that the court should deduct from the award of back pay the amount of severance pay defendant paid plaintiff after his termination in August 1982. Plaintiff received $5698 in severance pay from the defendant. Plaintiff agrees that these items should be deducted from the award of back pay. Therefore, the court will deduct from the award of back pay $47,791.40, the total amount of plaintiff's interim earnings and severance pay.

█ In his motion for reconsideration, plaintiff also raises two matters. First, plaintiff contends that the amount of gross salary plaintiff received from Phillips from November 1985 through October 7, 1988, which is to be subtracted from the amount of plaintiff would have received if he had been transferred rather than terminated,

should not include overtime earnings. The court finds that the best method for calculating the award of back pay is to compare the base pay of the two respective positions. The court has already determined that the base salary plaintiff would have received if he had been transferred to the Borger, Texas, insulator position would have been $151,774. *See Anderson,* 722 F.Supp. at 675 Appendix. The court further finds that the amount to be subtracted from this figure is the amount of base pay salary that defendant Phillips has paid plaintiff since his rehire in November 1985 until October 7, 1988. Thus, the amount subtracted should not include the amount of overtime pay. The figures submitted to the court in pleading No. 159 in this case, defendant's response to the court's September 26, 1989, Memorandum and Order, provides the plaintiff's gross wages ($80,-851.64). In accordance with the above finding, the court will order defendant to submit a supplemental response which differentiates this gross salary amount between base salary and overtime pay.

■ Secondly in his motion, plaintiff contends that the court should take into account pay increases received by insulators at the Borger, Texas, facility in its calculation of plaintiff's back pay.[1] The court agrees with plaintiff that raises in salary which he would have received if he had been transferred are relevant to the back pay award. *See Rasimas v. Michigan Dept. of Mental Health,* 714 F.2d 614, 628 (6th Cir.1983), *cert. denied* 466 U.S. 950, 104 S.Ct. 2151, 80 L.Ed.2d 537 (1984); *Koyen v. Consolidated Edison Co.,* 560 F.Supp. 1161, 1164 (S.D.N.Y.1983). Moreover, the parties' briefs indicate that the persons in the insulator position in Borger, Texas, received pay raises. The court finds that the pay raises received by the Borger insulators should be considered in the court's final calculations of back pay, since the amount to be deducted (the amount of base salary plaintiff has received since November 1985) will reflect pay raises plaintiff received during that time period. Therefore, the court will order Phillips to furnish the court with information regarding the salary increases received by Borger, Texas, insulators.[2]

Finally, in a supplemental response to the court's September 26, 1989, Memorandum and Order, defendant has presented the affidavit of S.E. Price. In this affidavit, Mr. Price indicates that if plaintiff had not been wrongly terminated, he would have received ESOP allocations in the amount of 608.31 units for the time period of September 1982 through the date of his rehiring in November 1985. The value of these units as of October 16, 1989, is $2,686.16. Therefore, the court will add this sum to the final award of back pay to be calculated in a future order of this court. Also in that same response, defendant presents the affidavit of M.A. Clampitt which indicates that plaintiff's credit service for retirement benefit purposes should be increased by 38 months and that his estimated age 65 retirement plan annuity should be increased to $689.73 per month. Accordingly, the court will order that defendant make the requisite adjustments in plaintiff's retirement benefits to

1. The court is aware that defendant continues to assert that the Borger, Texas, insulator position is not the proper position for comparison purposes. The court, however, reasserts its finding that the jury necessarily decided this issue and that the jury verdict can imply that plaintiff was retaliated against in being denied the Borger, Texas, position. *Anderson,* 722 F.Supp. at 673.

2. In its response, defendant asserts that if pay raises in the Borger, Texas, positions are considered and that plaintiff is not currently earning what he would have if he had been transferred, the court should simply order him reinstated to that position and not award back pay. The court does not agree with defendant's reasoning. The court has already determined that for all practical purposes plaintiff was reinstated on October 7, 1988. Because plaintiff's earnings since he was rehired in November 1985 will be a factor in the final calculation of back pay, and because he has received raises since he was rehired, the court will factor in the pay raises he would have received if transferred so that he does not lose the benefit of the pay raises in the final calculation of back pay. We find equity demands consideration of the pay raises. We further find that such factoring does not change, or in any way affect, our earlier finding that plaintiff was, for all practical purposes, reinstated on October 7, 1988.

compensate him for the lost benefits during the period prior to his reinstatement.

IT IS THEREFORE BY THE COURT ORDERED that defendant's motion for reconsideration is granted.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration is granted.

IT IS FURTHER ORDERED that defendant file a supplemental pleading with this court within 20 days from the date of this order which provides the court with a breakdown of the amount the gross base salary plaintiff received since his rehiring in November 1985 until October 7, 1988 (the amount of gross pay less overtime pay).

IT IS FURTHER ORDERED that defendant file a supplemental pleading with this court within 20 days of the date of this order which provides the court with information on the average pay increase received by insulators at Borger, Texas, who are similarly situated to the position plaintiff could have been transferred to in September 1982.

IT IS FURTHER ORDERED that plaintiff's retirements benefits be increased to the level they would have been but for his termination on August 31, 1982.

IT IS FURTHER ORDERED that the court will use the revised formula set out in the Appendix of this order to calculate plaintiff's award of back pay after defendant provides the ordered information to the court.

### APPENDIX

### REVISED FORMULA FOR THE CALCULATION OF BACK PAY

Award of Back Pay = $151,774 + Y + 2,686.16 − X − 47,791.40.

$151,774 = the gross base salary of Borger, Texas, position.

Y = the amount plaintiff would have most probably received in pay raises if he had been working as insulator in Borger, Texas, from September 1, 1982, through October 7, 1988.

2,686.16 = the value of lost ESOP allocations.

X = the amount of plaintiff's gross base salary (not overtime) that defendant paid plaintiff since he was rehired in November 1985 until October 7, 1988.

47,791.40 = the amount of plaintiff's interim earnings and severance pay.